## KLUM and Another *v.* THE STATE.

Indictment against two persons for an affray. The only proof was that the defendants were seen in close combat lying on the ground. *Held*, that this evidence was not sufficient to support the indictment.

The law does not presume, under those circumstances, that the parties fought by agreement.

ERROR to the *Rush* Circuit Court.

HOLMAN, J.—Indictment for an affray. Plea, not guilty. The only evidence was, that when the witness first discovered the plaintiffs in error, "they were in close combat, lying on the

ground, and he parted them." The Circuit Court instructed the jury, that "when two persons are seen fighting together, and no person has seen the commencement, the presumption of law is, that they fought by agreement; and it lies upon the defendants to prove, that they did not fight by agreement." The verdict and judgment were for the state.

We consider the instruction of the Circuit Court to be incorrect. Innocent men are frequently engaged in these disagreeable contests, and no presumption of law is admissible that would frequently cause the innocent to be punished; and contests of this nature, where no spectators are present at the commencement, may as likely take place by the aggression of one as by the agreement of both. The simple fact therefore, that two were seen fighting, is not, per se, a ground to presume that they fought by agreement.

*Per Curiam.*—The judgment is reversed, and the verdict set aside. Cause remanded, &c.

*Smith,* for the plaintiffs.

*Fletcher,* for the state.